IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7-23-CV-00292-M

| | |
|---|---|
| TYRANCE DREQUAN BENBOW<br>BECKY LEE LaSALLE, individually, as<br>heir to TYRANCE DREQUAN BENBOW<br>and as representative of the estate of<br>Tyrance Drequan Benbow deceased,<br><br>                   Plaintiffs,<br><br>v.<br><br>SHERIFF JOHN W. INGRAM., jointly and<br>severally liable in his individual and official<br>capacity as the Sheriff of Brunswick County,<br>North Carolina Sheriff's Office; JOSH DAVIES,<br>jointly and severally liable in his individual and<br>official capacity as Sergeant of the BCSO Drug<br>Enforcement Unit; KEITH E. BOWLING, jointly<br>and severally liable in his individual capacity as a<br>Deputy Sheriff for the Brunswick County Sheriff's<br>Office; ALEXANDER MELVIN, jointly and<br>severally liable in his individual capacity as a<br>Deputy Sheriff for the Brunswick County Sheriff's<br>Office; JOHNNIE BENTON, jointly and<br>severally liable in his individual capacity as a<br>Deputy Sheriff for the Brunswick County Sheriff's<br>Office and MARK HEWETT, jointly and<br>severally liable in his individual and official<br>capacity as the Fire Chief for Civietown<br>Volunteer Fire and Rescue Department and JOHN<br>DOES I-X inclusive,<br><br>                   Defendants. | **PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between defendants Sheriff John W. Ingram, Josh Davies, Keith Bowling, Alexander Melvin, and Johnnie Benton (collectively referred to as "Sheriff Defendants"), and defendant Mark Hewett, by and through their respective attorneys of record, as follows:

The Sheriff Defendants, through discovery, seek to disclose and rely upon body-worn camera videos and other protected/confidential documents related to criminal investigations. These body-worn camera videos are confidential under N.C. Gen. Stat. § 132-1.4 and may not be released without a court order. The defendants seek an order of this Court so as to be in compliance with the above-cited statute and to ensure that said documents are not disclosed outside this proceeding.

IT IS HEREBY ORDERED THAT:

1. The Sheriff of Brunswick County is authorized to disclose incident or other investigative reports or information, which may otherwise be confidential pursuant to state law, that is relevant to the matters alleged in the Plaintiff's Amended Complaint, as well as any and all body-worn camera videos that depict the subject incident.

2. Any such video footage or incident/investigative reports obtained in this action which is asserted by the Sheriff of Brunswick County to contain or constitute confidential information shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a comparable notice. Additionally, any other materials considered by the parties to be protected and/or confidential shall be likewise so indicated. If any party objects to the designation of any information as confidential, counsel for the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. If the objection is not so resolved, the objecting party may move the Court for appropriate relief. The information in question shall continue to be treated

as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation.

3. In the absence of written permission from the producing party or custodian of the record(s) or their designee, or by order of the Court, any confidential information obtained in accordance with the provisions of this Order shall not be disclosed to any person other than:

    (a) The Court and its personnel

    (b) The parties to this action;

    (c) Counsel for the parties to this action and employees of said counsel;

    (d) Insurers of the parties to this action;

    (e) Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 5;

    (f) Court reporters or videographers engaged to record depositions, hearings, or the trial in this action; or

    (g) Witnesses at a deposition, hearing, or trial, and as necessary to prepare the testimony of the witness.

4. Parties are authorized to manually file body-worn camera videos with the Court without seeking an additional court order.

5. Before Confidential Information is disclosed to any person described in Paragraphs 3(e) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used

3

only for the purpose of the prosecution or defense of this action and shall obtain from said person a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the court.

6. In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information by either:

(a) identifying on the record at the deposition the information that is to be treated as Confidential Information; or

(b) marking the portions of the deposition transcript to be designated as Confidential Information within twenty-one (21) days after receipt of the transcript. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 2, and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

7. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G(1)(a) of the ECF Administrative Policies and Procedures Manual cited herein, shall control the filing of sealed documents:

> Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or

4

court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether there is consent to the motion.

(vi) In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

8. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

9. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within sixty (60) days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the Court or a motion for relief from this Paragraph is pending. If a

5

receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the sixty (60) day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return or destruction of trial exhibits by the Court shall be governed by Local Civil Rule 79.1.

10. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate any potential objection to the production of any documents under the Federal Rules of Civil Procedure or the admissibility under the Federal Rules of Evidence of any information subject to this Order.

11. This Order is without prejudice to the right of any party, the producer, or witness to seek modification or amendment of the Order by motion to the court, or to seek further orders from the court regarding the additional disclosure of, or restriction of, confidential information.

SO ORDERED, this the _5_ day of _March_, 2024.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

6

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order (the "Protective Order") in the matter of *TYRANCE DREQUAN BENBOW, BECKY LEE LaSALLE, individually, as heir to TYRANCE DREQUAN BENBOW, and as representative of the estate of Tyrance Drequan Benbow deceased v. SHERIFF JOHN W. INGRAM, et. al.,* filed in the United States District Court for the Eastern District of North Carolina, Case No. 7-23-CV-00292-M, and agree that: (1) I will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) I will not reveal any information provided to me under the terms of this Protective Order to anyone other than such persons designated in this Protective Order; and (3) I will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
Signature                          Dated

_____
Printed or Typed Name

_____
Address

_____
Position