IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-cv-00292-M-RJ

| | |
|---|---|
| TYRANCE DREQUAN BENBOW ) | |
| BECKY LEE LaSALLE, individually, as ) | |
| heir to TYRANCE DREQUAN BENBOW ) | |
| and as representative of the estate of ) | |
| Tyrance Drequan Benbow deceased, ) | |
| ) | |
| Plaintiffs, ) | **SHERIFF DEFENDANTS'** |
| v. ) | **BRIEF IN SUPPORT OF** |
| ) | **MOTION TO COMPEL** |
| SHERIFF JOHN W. INGRAM., jointly and ) | |
| severally liable in his individual and official ) | |
| capacity as the Sheriff of Brunswick County, ) | |
| North Carolina Sheriff's Office; JOSH DAVIES, ) | |
| jointly and severally liable in his individual and ) | |
| official capacity as Sergeant of the BCSO Drug ) | |
| Enforcement Unit; KEITH E. BOWLING, jointly ) | |
| and severally liable in his individual capacity as a ) | |
| Deputy Sheriff for the Brunswick County Sheriff's ) | |
| Office; ALEXANDER MELVIN, jointly and ) | |
| severally liable in his individual capacity as a ) | |
| Deputy Sheriff for the Brunswick County Sheriff's ) | |
| Office; JOHNNIE BENTON, jointly and ) | |
| severally liable in his individual capacity as a ) | |
| Deputy Sheriff for the Brunswick County Sheriff's ) | |
| Office and MARK HEWETT, jointly and ) | |
| severally liable in his individual and official ) | |
| capacity as the Fire Chief for Civietown ) | |
| Volunteer Fire and Rescue Department and JOHN ) | |
| DOES I-X inclusive, ) | |
| ) | |
| Defendants. ) | |

NOW COME defendants John W. Ingram, Josh Davies, Keith E. Bowling, Alexander Melvin, and Johnnie Benton (collectively referred to as "Sheriff Defendants"), by and through counsel, and, pursuant to Local Rule 7.1 and Rule 37

1

of the Federal Rules of Civil Procedure, file this brief in support of their Motion to Compel.

## NATURE OF THE CASE

This case is about a drug dealer and trafficker, Tyrance Benbow ("Benbow"), who initiated a high-speed, 6-mile chase with Brunswick County Sheriff's deputies while transporting over 77.1 grams of pure cocaine. (D.E. 71.) During the chase, Benbow reached speeds up to 130 mph and violated numerous traffic laws, completely disregarding his own safety and the safety of others. (D.E. 71.) He ultimately caused his own death and injured an innocent family of five, including three minor children, when he lost control of his car and struck an oncoming vehicle. (D.E. 71.) The plaintiff, through the decedent's estate, seeks to recover monetary damages from the Sheriff Defendants for the decedent's criminal conduct and reckless behavior. (D.E. 66; D.E. 71.)

Discovery has been ongoing in this matter, and both sides have exchanged written discovery. The plaintiff has served written discovery on defendants John Ingram, Josh Davies, Keith Bowling, and Alexander Melvin, all of which were timely responded to. Defendant Ingram has served the plaintiff with two sets of written discovery requests. The plaintiff responded to the first set of written discovery requests with responses that were incomplete, deficient, and in violation of the Federal Rules of Civil Procedure. The plaintiff did not even respond to the second set of written discovery requests. Sheriff Defendants also noticed an inspection of the vehicle driven by Benbow at the time of the subject incident, but the plaintiff refused

2

to produce the vehicle for inspection, in violation of Federal Rule of Civil Procedure 34.

## STATEMENT OF FACTS

On November 21, 2023, Sheriff Defendants served Defendant Ingram's First Set of Interrogatories and Requests for Production of Documents to Plaintiff. (Ex. A.) After multiple extensions of time to respond, Sheriff Defendants were served with Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents on January 28, 2024. (D.E. 94-23.) The plaintiff's discovery responses were incomplete, deficient, and in violation of the Federal Rules of Civil Procedure.

On January 31, 2024, Sheriff Defendants, in a good faith effort to resolve the discovery dispute, sent correspondence to the plaintiff's counsel detailing the deficiencies of Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents. (*See* Ex. B.) The Sheriff Defendants requested that the deficient discovery responses be supplemented within 30 days. (*Id.*) On February 1, 2024, the plaintiff's counsel responded to the Sheriff Defendants' correspondence saying in part, "your letter borders on harassment." (Ex. C.) The plaintiff never supplemented her discovery responses to cure any of the identified deficiencies.

On March 8, 2024, Sheriff Defendants served Defendant Ingram's Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff. (Ex. D.) The plaintiff did not respond to Defendant Ingram's

3

Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff by the deadline.[1]

On April 15, 2024, Sheriff Defendants, in a good faith effort to resolve the discovery dispute, sent correspondence to the plaintiff's counsel requesting that the plaintiff respond to the Interrogatories and Requests for Production in Defendant Ingram's Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff and providing the plaintiff with additional time to cure the deficiencies of Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents. (Ex. E.) The Sheriff Defendants requested that all of the deficient discovery responses be cured within 30 days. (*Id.*)

The plaintiff never responded to Defendant Ingram's Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff, nor did the plaintiff cure the deficiencies of Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents.

On April 15, 2024, Sheriff Defendants served the plaintiff with a Notice of Vehicle Inspection Pursuant to Federal Rule of Civil Procedure 34. (Ex. F.) The notice required the plaintiff to produce on May 16, 2024, the 2009 Nissan Altima driven by Tyrance Benbow during the subject wreck for inspection by Sheriff Defendants and

---

[1] Under Federal Rule of Civil Procedure 36(a)(3), the Requests for Admissions are deemed to be admitted because a written answer or objection was not served within 30 days. The Requests for Admissions are not a part of the present Motion to Compel.

4

their expert. (*Id.*) Sheriff Defendants offered to change the date or location of the inspection if necessary for the plaintiff's convenience. (*Id.*) In response, the plaintiff's counsel and the Sheriff Defendants' counsel exchanged multiple emails in which the plaintiff's counsel repeatedly refused to produce the vehicle for inspection. (Ex. G.)

On May 10, 2024, the plaintiff's counsel sent a letter to the Ronnie Babson, the owner of Babson Auto Sales & Salvage, informing him that the Sheriff Defendants' and their experts do not have the plaintiff's permission to inspect the vehicle. (Ex. H.) On May 13, 2024, upon learning the location of the subject vehicle, Sheriff Defendants served the plaintiff with an Amended Notice of Vehicle Inspection, changing the location to Babson Auto Sales & Salvage to aid the plaintiff in producing the vehicle without needing to transport it. (Ex. I.)

On May 15, 2024, Sheriff Defendants' counsel drove over four hours from Winston-Salem to Brunswick County to attend the vehicle inspection the next day. On May 16, 2024, Sheriff Defendants' counsel and their retained expert traveled to Babson Auto Sales & Salvage for the vehicle inspection. They waited for one and a half hours, but opposing counsel never appeared and the subject vehicle was never produced. Sheriff Defendants now file the present motion requesting that the Court compel the plaintiff's participation in discovery.

## ARGUMENT

"As the party resisting discovery, [Plaintiff] bear[s] the burden of demonstrating why such discovery should not be produced." *Lively v. Reed*, No. 1:20 CV 119 MOC WCM, 2021 WL 3729984, at *8 (W.D.N.C. Aug. 23, 2021). "Specifically,

5

the party seeking protection from the court from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Smithfield Bus. Park, LLC v. SLR Int'l Corp.*, No. 5:12-CV-282-F, 2014 WL 3919679, at *2 (E.D.N.C. Aug. 11, 2014).

### A. **The plaintiff's responses to Defendant Ingram's First set of Discovery requests were incomplete, deficient, and in violation of the Federal Rules of Civil Procedure.**

Under Federal Rule of Civil Procedure 33(b)(3), "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." As detailed in Sheriff Defendants' January 31, 2024, correspondence to the plaintiff's counsel, Plaintiff's responses to Defendant Ingram's First set of Discovery requests were incomplete, deficient, and in violation of the Federal Rules of Civil Procedure. (Ex. B.) Specifically, Sheriff Defendants requested that the plaintiff cure the following deficient responses:

> **Interrogatory 2.** Please provide the address of every place at which Tyrance Benbow resided in the 10 years prior to July 8, 2022.
> **Response:** (2007-2008) Timmonsville, SC
> (2008-Present) 1887 Hillcrest Drive, SW, Supply, NC 28462

(D.E. 94-2.) The response to this interrogatory is deficient because it provides an incomplete address for Benbow's residence in Timmonsville, South Carolina during 2007 and 2008.

> **Interrogatory 6.** Except for traffic violations, if Tyrance Benbow was ever charged with any crime, please provide details of the same,

including the dates and charges of any offenses, courts in which the charges were made, and resolution of the charges.

**Response:** The Defendants have access to this information, as they're employed by the arresting agency, and submitted it as part of their document production.

(D.E. 94-2.) The response to this interrogatory is entirely non-responsive. The individual Sheriff Defendants do not have access to the details of Benbow's criminal history from outside North Carolina.

**Interrogatory 7.** Except for law enforcement officers or your attorneys, please identify the name, last known address, and telephone number of every person known to you or your attorneys who has any knowledge regarding the facts and circumstances of this case, including any treating medical professional, and, as to each, identify the substance and source of that knowledge.

**Response:** Please review the thumb drive containing Plaintiff's discovery for responses.

(D.E. 94-2.) The response to this interrogatory is deficient because it does not provide Sheriff Defendants with the information necessary to determine which documents are responsive to this interrogatory, and therefore, violates Rule 33(d), which requires that records in lieu of answer be identified with specificity. In addition, Rule 33(d) is only available for the production of business records, which is inapplicable to the documents Plaintiff produced. Finally, the information requested by this interrogatory is not readily apparent from a review of the documents produced on the plaintiff's thumb drive.

**Interrogatory 8.** Please identify all documents, photographs, recordings, videos, transcripts, diaries, journals, or other tangible things

7

that you contend support the allegations in the Complaint or establish facts relevant to this action.

**Response:** Please review the thumb drive containing Plaintiff's discovery for responses.

(D.E. 94-2.) The response to this interrogatory is deficient because it does not provide Sheriff Defendants with the information necessary to determine which documents are responsive to this interrogatory, and therefore, violates Rule 33(d), which requires that records in lieu of answer be identified with specificity. In addition, Rule 33(d) is only available for the production of business records, which is inapplicable to the documents Plaintiff produced. Finally, the information requested by this interrogatory in not readily apparent from a review of the documents produced on the plaintiff's thumb drive.

**Interrogatory 9.** State, specifically and in details, all damages and other monetary remedies to which you claim to be entitled, specifying as to each the methodology you rely upon in computing such figures.

**Response:** Damages to be determined at trial.

(D.E. 94-2.) The response to this interrogatory is entirely non-responsive. The plaintiff does not even attempt to raise any objection and refuses to answer the interrogatory.

**Interrogatory 12.** Please identify any written or recorded statements made by any witness other than by you or any other person besides law enforcement officers, concerning the incident of July 8, 2022, which is alleged in the Complaint. This includes, but is not limited to, any statements taken by any private investigator which you intend to use in this lawsuit.

8

> **Response:** General objection: as the question is duplicative, the written and recorded witness statements alleged in the Original and Amended Complaints concerning the events of July 8, 2022, have been previously identified. Moreover, additional written and recorded witness statements are disclosed in the NCSHP's report and appendices, and the Plaintiff's submissions in response to Defendants' production requests.
>
> Any written and recorded statements taken by the attorney or the private investigator not previously disclosed in the Original and Amended Complaints or the NCSHP's report and appendices are work product.

(D.E. 94-2.) The response to this interrogatory is once again entirely non-responsive. Sheriff Defendants have repeatedly requested that the plaintiff supplement her prior responses by either providing the requested statements or producing a privilege log. The plaintiff continues to assert that no privilege log is necessary because she is not asserting any privilege, while simultaneously claiming the responsive information is protected by the attorney work-product privilege. Defendant Ingram also formally requested a privilege log in Defendant Ingram's Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff, and none was ever provided.

> **Interrogatory 14.** Please identify the source of the allegations made in paragraph 18 of the Amended Complaint and any written or other documentation of said allegations, if such documentation exists.
>
> **Response:** Tyrance Benbow told Ms. LaSalle, Raquel Bowling, Courtney Robertson, Gwendolyn Hamilton, and others that Joe Cherry told him, "I'm Going to hang you."
>
> During a traffic stop, a BCSO deputy told Adolph Holmes and Merita Frank, "They were going to get, Duke." I am still trying to get a copy of the citation from Brunswick County to get the name of the deputy.

(D.E. 94-2.) The response to this interrogatory and documents produced by the plaintiff directly contradict the allegations made in paragraph 18 of the Amended Complaint, which states "While exiting the courtroom, Benbow encountered Defendant Melvin, a member of the DEU, who told him, "I'm going to hang you." At least two (2) witnesses overheard Defendant Melvin threaten Benbow. After being publicly threatened by Defendant Melvin and, now fearing for his safety, Benbow began having a friend or family member either ride with him or follow him whenever he drove to or from his residence." (D.E. 66 ¶ 18.)

> **Request for Production 1.** Please provide any and all medical records that support your claim for injuries and damages as alleged in the Complaint.
>
> **Response:** The Defendants' request for medical records is vague and overbroad as to "any and all" medical records and does not specify "your claim" (The complaint/amended complaint consists of 8 claims). The physicians identified in interrogatory no. 10 will need a subpoena to satisfy HIPPA to release my medical records related to the claims made in the Original and Amended Complaint.

(D.E. 94-2.) This Request for Production is deficient because the plaintiff has made one claim for injuries and damages, the Amended Complaint itself. In addition, it is not vague or overbroad and such objections are simply boilerplate objections. "The assertion of such boilerplate objections is grounds for overruling [Plainitff's] objections." *Oppenheimer v. Episcopal Communicators, Inc.*, No. 1:19-CV-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020).

> **Request for Production 6.** Please provide a copy of all state and federal tax returns that the decedent filed in the six years prior to this death on July 8, 2022.

> **Response:** Tyrance would have been 15 years old six years before his death, and he graduated from high school when he was 19. I am not in possession of his tax returns; I will have to contact the IRS and state revenue to get copies of any tax returns he filed before he was killed.

(D.E. 94-2.) This Request for Production is deficient because the plaintiff's response to interrogatory number 4 states that Benbow was employed since 2017. In addition, no state or federal tax returns have been produced to Sheriff Defendants.

### B. The plaintiff never responded to Defendant Ingram's second set of written discovery requests and refused to produce the subject vehicle for inspection.

The plaintiff never made any effort to respond to Defendant Ingram's Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff. The plaintiff never asserted any objections or otherwise responded to the written discovery. Although the Requests for Admissions are deemed to be admitted under Fed. R. Civ. P. 36(a)(3), Sheriff Defendants respectfully request that the Court compel the plaintiff to respond to the interrogatories and requests for production of documents included in the second set of written discovery requests.

The plaintiff has also refused to allow Sheriff Defendants and their experts the opportunity to inspect the 2009 Nissan Altima driven by Benbow on July 8, 2022. Despite the plaintiff herself previously describing the wrecked vehicle as "the best evidence available," she now contends that the Sheriff Defendants have no right to the production of that vehicle for inspection. (D.E. 85, p. 14.) These competing disparate positions are irreconcilable. If the plaintiff believes that the vehicle is the

11

most crucial piece of material evidence in this case, as she repeatedly asserts in her recent motion for sanctions (D.E. 85), she has no grounds to deny the Sheriff Defendants access to that vehicle as they prepare their defense.

## CONCLUSION

Wherefore, Sheriff Defendants respectfully request that this Court grant their motion to compel the plaintiff's participation in discovery and require the plaintiff to pay Sheriff Defendants' reasonable expenses incurred in making this motion and her failure to produce the vehicle for inspection, including attorney fees and expert fees.

This the 20th day of May, 2024.

>  */s/ Nicholas D. Acevedo*
> CHRISTOPHER J. GEIS
> N.C. State Bar No. 25523
> BRADLEY O. WOOD
> N.C. State Bar No. 22392
> NICHOLAS D. ACEVEDO
> N.C. State Bar No. 59228
> WOMBLE BOND DICKINSON (US) LLP
> One West Fourth Street
> Winston-Salem, NC 27101
> Telephone: (336) 721-3600
> Email: Chris.Geis@wbd-us.com
>         Brad.Wood@wbd-us.com
>         Nick.Acevedo@wbd-us.com
>
> *Attorneys for Defendants Ingram,*
> *Davies, Bowling, Melvin, and Benton*

# CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.2(f), I hereby certify that the foregoing memorandum complies with the Court's word count requirements and that it contains 2,688 words in total, excluding the case caption, signatures, and certificates.

*/s/ Nicholas D. Acevedo*

NICHOLAS D. ACEVEDO
N.C. State Bar No. 59228
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Email: Nick.Acevedo@wbd-us.com


*Attorneys for Defendant The Phoenix Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2024, the undersigned attorney filed the foregoing document with the Clerk of Court via the CM/ECF system that will cause a service copy to be served upon the parties in this action:

>Ira Braswell IV
>Braswell Law, PLLC
>102 W. Nash Street, Suite E
>P.O. Box 703
>Louisburg, NC 27549
>braswellaw@gmail.com
>*Attorney for Plaintiff*

>*/s/ Nicholas D. Acevedo*
>NICHOLAS D. ACEVEDO
>WOMBLE BOND DICKINSON (US) LLP
>One West Fourth Street
>Winston-Salem, NC 27101
>Telephone: (336) 721-3543
>Facsimile: (336) 721-3660
>Email: Nick.Acevedo@wbd-us.com
>*Attorney for Defendants Ingram,*
>*Davies, Bowling, Melvin and Benton*